**CIRCLE INDUSTRIES USA, INC.,**
**Plaintiff–Appellant,**

v.

**PARKE CONSTRUCTION GROUP,**
**INCORPORATED, Defendant–**
**Appellee.**

**Docket No. 98–9539.**

United States Court of Appeals,
Second Circuit.

Argued: June 9, 1999.

Decided: July 15, 1999.

---

Jeffrey S. Dubin, Law Office of Jeffrey S. Dubin, Garden City, NY, for plaintiff-appellant.

Robert Mahoney, Friedman Siegelbaum LLP, Roseland, NJ (Lindsey H. Taylor, on the brief), for defendant-appellee.

Before: LEVAL and SOTOMAYOR, Circuit Judges, and POLLACK,* District Judge.

SOTOMAYOR, Circuit Judge:

Plaintiff-appellant Circle Industries USA, Inc. ("Circle") initially brought this action in the Supreme Court of the State of New York, County of Nassau, suing to vacate an arbitration award rendered in favor of defendant-appellee Parke Con-

---

* The Honorable Milton Pollack, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

struction Group, Inc. ("Parke"). When Parke removed the case to the District Court for the Eastern District of New York, Circle moved to remand the action to state court. On September 15, 1997, the district court (Johnson, *J.*) found that federal jurisdiction existed on the basis of diversity of citizenship and denied Circle's motion to remand. The district court also ordered Circle to pay the attorneys' fees incurred by Parke in opposing the remand motion. On October 23, 1998, the district court entered a final judgment confirming the challenged arbitration award. For the reasons to be discussed, we affirm the district court's denial of Circle's motion to remand as well as its judgment confirming the arbitration award, but reverse the district court's grant of attorneys' fees to Parke under 28 U.S.C. § 1447(c) (1994).

## BACKGROUND

Circle is a New York corporation with its principal place of business in New York. Parke was incorporated in Georgia in 1993 for the sole purpose of entering into a joint venture with Circle to work on several construction projects in the Atlanta metropolitan area. Between 1993 and the fall of 1995, Parke's registered office was located in Georgia and its registered agent, Greg Lubonty, resided there. In the spring of 1995, the parties agreed to phase out the joint venture, and Parke performed its last construction work in Georgia in the fall of 1995. Parke also closed its office in Georgia at that time. The corporation's registered agent, Lubonty, then left the state, and all mail addressed to Parke was forwarded to Parke's president, John Bowe, in New York. Parke's activity since late 1995 has been limited to collecting its various accounts in Georgia and prosecuting this action in New York.

This litigation arose from a dispute over Circle's alleged wrongful diversion of money from the joint venture. Parke filed suit against Circle in federal district court in Georgia, seeking injunctive relief. That action was dismissed when the parties submitted their dispute to binding arbitration before an arbitrator from the American Arbitration Association ("the AAA") in New York, as required under the terms of the joint venture agreement.

In November of 1996, the arbitrator conducted a five-day hearing on the parties' claims. During the proceedings, Circle introduced twenty-eight exhibits and Parke twenty-seven, each of which was marked as an exhibit personally by the arbitrator upon submission. The arbitrator reviewed some of the exhibits as they came into evidence and glanced cursorily at others. On March 25, 1997, after the parties submitted post-hearing briefs, the arbitrator declared the proceedings closed and informed the parties that he would render a decision within the next month.

On April 14, 1997, an AAA administrator contacted counsel for the parties to request duplicate copies of the exhibits, explaining that the AAA could not locate the original exhibits. After receiving copies from Parke's counsel, the AAA informed Circle that it was forwarding these copies to the arbitrator. Circle objected that it had not had an opportunity to review Parke's submissions and, on April 18, faxed the AAA to request that the arbitrator "schedule a proceeding at which both sides may review and submit the required Exhibits." The fax further stated: "Circle's Exhibits, which were lost by the Association, are voluminous. Please have the arbitrator submit a list of which exhibits he does not have, so that we do not have to unnecessarily produce Exhibits." Parke's counsel also faxed a letter to the AAA on the same day, confirming that Parke had supplied only those exhibits originally admitted into evidence and stating that Parke would object to Circle's submission of any documents not admitted at the hearing. The AAA responded to neither party's letter. On April 23, 1997, the arbitrator entered a $146,590.00 award in favor of Parke, along with $3,144.06 for AAA fees and expenses.

On May 6, 1997, Circle filed this petition in the Supreme Court of New York, County of Nassau, seeking to vacate the arbitration award on the basis of alleged procedural errors in the arbitrator's handling of the misplaced exhibits. Parke subsequently removed the action to the United States District Court for the Eastern District of New York and cross-moved to confirm the award. Circle then moved to remand the case to state court, claiming lack of diversity of citizenship between the parties. The district court denied Circle's remand motion and ordered Circle to pay $2,493.89 to cover the attorneys' fees Parke incurred in opposing the motion. The court also issued an order denying Circle's petition to vacate the arbitration award and granting Parke's cross-motion to confirm the award.

## DISCUSSION

### I. *Diversity of Citizenship*

■ A defendant is entitled to remove a state court action to federal court on the basis of diversity of citizenship between the parties, provided that the defendant is not a citizen of the forum state. *See* 28 U.S.C. § 1441(b) (1994). For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state that serves as its principal place of business. *See* 28 U.S.C. § 1332(c) (1994). Because it is undisputed that Parke is incorporated in Georgia, removal was proper unless New York qualifies as Parke's principal place of business.

In *Pinnacle Consultants, Ltd. v. Leucadia National Corp.,* 101 F.3d 900, 907 (2d Cir.1996), this Court held that an inactive corporation's principal place of business is the state in which it last transacted business. *See also Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.,* 933 F.2d 131, 141 (2d Cir.1991) ("[W]hen a corporation has ceased business activity, diversity jurisdiction ... is determined not only by its state of incorporation, but also by the place it last transacted business"). Since 1995, Parke has been inactive, en-

gaged only in winding down its affairs in Georgia by hiring an attorney to collect its accounts receivable in that state and in defending itself in this New York action. Although Parke's sole officer and director presently lives in New York and he receives the corporation's mail there, these contacts do not alter its citizenship because the corporation is not transacting business through these activities. Circle's only other possible argument that Parke last transacted business in New York rests on the fact that Parke is engaged in this legal action. In *Passalacqua,* however, this Court did not find that participating in a lawsuit in New York qualifies as "transacting business" for jurisdictional purposes. *See* 933 F.2d at 131, 141. We see no reason to revisit that issue on the facts presented here.

The joint venture in this case did business only in Georgia, last operated an office in Georgia, and hired lawyers in Georgia to collect its remaining accounts receivable. For diversity purposes, then, Parke is thus a citizen only of Georgia.

### II. *Award of Attorneys' Fees*

■ Under 28 U.S.C. § 1447(c), a district court may award attorneys' fees when it remands a case to state court based on lack of subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case* may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

(Emphasis added.)

■ Although this statutory language clearly provides for attorneys' fees in connection with an order of remand, nothing in the statute allows for a grant of attorneys' fees where, as here, the defendant successfully *resists* such an order. It is quite understandable that the statute should provide counsel fees for the grant of a motion to remand an improperly re-

moved case but not for the denial of such a motion. The commentary to the 1988 revision of the statute emphasizes that its goal is to deter improper removal. *See id., Commentary on 1988 Revision by David D. Siegel.* Removal is done *ex parte* and without need of a court order. A defendant removes a case from state court to federal court simply by filing a signed notice of removal in the United States district court. *See* 28 U.S.C. § 1446(a). While the simplicity of this procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal, whereas awarding fees when denying a motion for remand does not.

 While it is true that § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees," *Morgan Guar. Trust Co. v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992), that discretion extends only so far as the statutory mandate. Because the statute does not authorize courts to award attorneys' fees when upholding a removal, the district court erred by requiring Circle to pay Parke's attorneys' fees incurred in successfully opposing the remand.

### III. Confirmation of the Arbitration Award

 Circle argues that the arbitrator violated AAA Commercial Arbitration Rules 29, 31 and 32 by failing to designate particular Circle exhibits for duplication and resubmission and by accepting Parke's duplicate exhibits without giving Circle an opportunity to review the submissions.[1] Violation of AAA Rules can, under certain circumstances, require vacatur of an arbitration award. *See* 9 U.S.C. § 10(a)(3) (requiring vacatur "[w]here the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"); *id.* at § 10(a)(4) (requiring vacatur "[w]here the arbitrators exceeded their powers"). The party seeking to vacate the award bears the heavy burden of demonstrating sufficient grounds for vacatur. *See Folkways Music Publishers v. Weiss,* 989 F.2d 108, 111 (2d Cir.1993). We hold that Circle has not met this burden here and affirm the confirmation of the arbitration award for substantially the same reasons discussed by the district court.

In brief, we conclude that Circle was given a full opportunity to review Parke's exhibits when those exhibits were entered into evidence at the hearing. Circle has proffered nothing but speculation that the duplicate exhibits submitted to the arbitrator by Parke included any new or improper materials. We further conclude that

---

1. Commercial Arbitration Rules 29, 31 and 32 of the American Arbitration Association state in pertinent part:

 29. Order of Proceedings and Communications with Arbitrator ... The arbitrator has the discretion to vary this procedure but shall afford a full and equal opportunity to all parties for the presentation of any material and relevant evidence.

 31. Evidence ... The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute....

 ... All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent in default or has waived the right to be present.

 32. Evidence by Affidavit and Posthearing Filing of Documents or Other Evidence ... If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine such documents or other evidence.

Circle has failed to prove that the arbitrator refused to consider material evidence in rendering his decision. The arbitrator, who by Circle's own concession had reviewed some of the exhibits and glanced at others during the hearing, did not respond to Circle's letter requesting the specification of particular exhibits needed for duplication. This failure to respond suggests either that the arbitrator ultimately did not require any of the exhibits in making his decision, or, as the district court noted, "that in the end, either the AAA or the arbitrator did discover the missing documents and review them before issuing his award." *Circle Indus., USA, Inc. v. Parke Constr. Group*, No. 97–CV–3334(SJ), 1998 WL 713305, at *6 (E.D.N.Y. Oct.8, 1998). Circle thus has failed to establish a violation of the AAA rules sufficient to require vacatur of the award.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Circle's motion to remand this action and its judgment confirming the arbitration award. We reverse, however, that portion of the district court's order that granted attorneys' fees to Parke pursuant to 28 U.S.C. § 1447(c).