**PROPERTY CLERK, New York City Police Department, Plaintiff,**

v.

**Michael FYFE, Defendant.**

**No. 01 CIV.9580(JGK).**

United States District Court, S.D. New York.

April 29, 2002.

**40**

Duane C. Felton, Staten Island, NY, for Defendant.

### OPINION AND ORDER

KOELTL, District Judge.

The plaintiff, the Property Clerk of the New York City Police Department, filed this action in the New York State Supreme Court, New York County (Index No. 405221/01), seeking a judgment declaring that the plaintiff's retention of a vehicle belonging to the defendant is lawful and proper, and ordering the forfeiture of that vehicle. After filing an answer and counterclaim, the defendant removed the action to this Court. The plaintiff now moves, pursuant to 28 U.S.C. § 1447(c), to remand the matter to the New York State Supreme Court on the basis that this Court lacks subject matter jurisdiction over the case.

I

The New York City Police Department seized the defendant's car, a 1988 Honda Accord, on or about August 10, 2001. (Compl. ¶ 4; Ans. ¶ 7; Declaration of Louise Moed, dated February 22, 2002 ("Moed Decl."), Ex. A.) On August 14, 2001, the defendant requested the return of his vehicle. (Moed Decl., Ex. C.) On or about September 6, 2001, the plaintiff filed a summons and complaint in the New York State Supreme Court, New York County,

thereby initiating the present action. (Moed Decl. ¶ 7 and Ex. D.) The complaint alleges that forfeiture is proper because

[t]he vehicle seized was used by [the defendant] as the instrumentality of, and/or to aid and further the commission of a crime, to wit, violation of Vehicle and Traffic Law Section 1192(4) Driving While Ability Impaired by Drugs, in that the defendant operated the subject vehicle while his ability was impaired by drugs.... The subject vehicle is thereby subject to forfeiture under New York City Administrative Code Section 14–140 and Title 38 of Chapter 12 of the Rules of the City of New York.

(Compl. ¶ 7.)

On October 24, 2001, the defendant filed an answer and counterclaim. (Moed Decl. Ex. E.) As defenses, the defendant's answer asserts that the complaint fails to state a claim; that the state court lacks personal jurisdiction over the defendant; that the action was not timely commenced; and that the plaintiff lacks authority to proceed under the New York City Administrative Code because the defendant was not arrested for a crime. (Ans. ¶¶ 3–6.) The defendant's counterclaim alleges that he was not charged or arrested for a criminal offense; that the plaintiff did not file or serve the complaint timely upon the defendant's initial request for the return of the vehicle; and that the plaintiff violated the defendant's rights under the Fourth and Fourteenth Amendments to the Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1988. (Ans. ¶¶ 8–11.)

On October 31, 2001, the defendant filed a notice of removal in this Court. The plaintiff filed this motion to remand the case on February 22, 2002.

II

A

A district court is required to remand a case "[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction. . . ." 28 U.S.C. § 1447(c). The removing party bears the burden of proof in establishing its right to a federal forum. *See R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979); *Grunwald v. Physicians Health Servs. of New York, Inc.,* No. 97 Civ. 5654, 1998 WL 146226, at *2 (S.D.N.Y. Mar. 25, 1998); *Grace v. Corp. of Lloyd's,* No. 96 Civ. 8334, 1997 WL 607543, at *3 (S.D.N.Y. Oct. 2, 1997). The defendant argues that this Court has jurisdiction over the case because the defendant's counterclaim is based, at least in part, on the federal Constitution and federal law. *See* 28 U.S.C. § 1331 (federal question jurisdiction).

■ "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule." *Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir.1998); *see also Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *D'Alessio v. New York Stock Exchange, Inc.,* 258 F.3d 93, 100 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 666, 151 L.Ed.2d 580 (2001); *Hernandez v. Conriv Realty Assocs.,* 116 F.3d 35, 38 (2d Cir.1997). Under that rule, "federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when [the] plaintiff's well-pleaded complaint raises issues of federal law." *Marcus,* 138 F.3d at 52 (internal citations omitted). "Thus, a plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense." *Fax Telecommunicaciones, Inc. v. AT & T,* 138 F.3d 479, 486 (2d Cir.1998) (citing *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). The well-pleaded complaint rule thereby "makes the plaintiff the master of

the claim." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (1987).

■ In this case, the sole basis that the defendant proffers for federal subject-matter jurisdiction is his counterclaim. However, like a defense, a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule. *Wallace v. Wiedenbeck,* 985 F.Supp. 288, 291 (N.D.N.Y.1998) (collecting cases); *Mem'l Hosp. for Cancer and Allied Diseases v. Empire Blue Cross & Blue Shield,* No. 93 Civ. 6682, 1994 WL 132151, at *5 (S.D.N.Y. Apr. 12, 1994); *Barnhart–Graham Auto, Inc. v. Green Mountain Bank,* 786 F.Supp. 394, 396 (D.Vt.1992); *but see Property Clerk v. Smith,* No. 00 Civ. 2133, 2000 WL 1725017, at *2 (S.D.N.Y. Nov. 17, 2000) (indicating that a "narrow jurisdictional realm" exists in which a counterclaim may confer federal jurisdiction).

*Fax Telecommunicaciones* confirms that federal counterclaims do not confer removal jurisdiction. In that case, the plaintiff raised a federal counterclaim, but there was no other basis for federal jurisdiction. *Fax Telecommunicaciones,* 138 F.3d at 485–87. On review, the Court of Appeals for the Second Circuit stated that "if [the plaintiff] had objected to removal in the district court, we would vacate the judgment and remand with instructions to return the case to state court." *Id.* at 487. Although a different analysis may apply where no motion to remand has been made and the district court renders a decision on the merits, *see id.* at 487–88, here the plaintiff has made a motion to remand well before the entry of final judgment. Therefore, the case will be remanded to state court.

■ The defendant objects that the plaintiff delayed making a motion to remand. However, a motion to remand for lack of subject matter jurisdiction may be

made at any time before the entry of final judgment. *See* 28 U.S.C. § 1447(c). It is only motions to remand on the basis of defects other than lack of subject matter jurisdiction that must be made within 30 days after the filing of the notice of removal. *Id.* The plaintiff's motion is plainly based on lack of subject matter jurisdiction. Thus, the timing of the motion to remand is not an obstacle to remand.

### B

■ Section 1447(c) provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees...." *Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999) (punctuation omitted) (quoting *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992)). Taking into account all the facts and circumstances, the Court declines to award costs or expenses in this case. *See Natoli v. First Reliance Standard Life Ins. Co.*, No. 00 Civ. 5914, 2001 WL 15673, at *5 (S.D.N.Y. Jan. 5, 2001) (district courts consider whether grounds for removal were "substantial" or " 'colorable,' even if ultimately unpersuasive," when considering award of fees and costs under § 1447(c)); *Lewis v. Travelers Ins. Co.*, 749 F.Supp. 556, 558 (S.D.N.Y.1990) (declining to award costs where removal was "plausibly supported by some existing case law"); *see also Smith*, 2000 WL 1725017, at *2 (refusing to remand case where plaintiff asserted federal counterclaim).

■ The defendant has also requested costs and fees, but he has not prevailed on this motion, and in any case § 1447(c) does not provide for an award of costs and fees to the party opposing remand. *Circle Indus.*, 183 F.3d at 109.

### Conclusion

For the reasons explained above, the plaintiff's motion for remand is **granted**. The parties' requests for costs and fees are **denied**. The Clerk of Court is directed to remand this action to the New York State Supreme Court, New York County, and to close the case in this Court.

**SO ORDERED.**