**STUDEBAKER–WORTHINGTON LEASING CORP., Plaintiff,**

v.

**MICHAEL RACHLIN & CO., LLC, Defendant.**

No. 04–CV–4459 (ILG).

United States District Court, E.D. New York.

Feb. 22, 2004.

is not the proper grounds on which to vacate a judgment based on an alleged factual mistake by the habeas court.

Joseph Capobianco, Reisman, Peirez & Reisman, L.L.P., Garden City, NY, for Plaintiff.

Richard L. Zucker, Lasser Hochman, L.L.C., Roseland, NJ, for Defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### INTRODUCTION

Studebaker–Worthington Leasing Corp. ("Plaintiff" or "SWLC") filed a lawsuit in New York State court against Defendant Michael Rachlin & Co., L.L.C. ("Defendant" or "Rachlin") for breach of contract.

Defendant removed the case pursuant to 28 U.S.C. §§ 1441(a) and 1452, alleging that this Court has original jurisdiction over the state court action. Defendant asserts that the case "relates to" the Chapter 7 bankruptcy case of NorVergence, Inc. ("NorVergence") pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), because the subject contract was assigned to Plaintiff by NorVergence. Presently before the Court is Defendant's motion to transfer the action from this Court to the Bankruptcy Court pursuant to 28 U.S.C. § 1412. Plaintiff opposes the motion and moves to remand the case to the state court pursuant to 28 U.S.C. § 1447(c), claiming that this Court lacks federal subject matter jurisdiction over it. In the alternative, Plaintiff requests that the Court abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c).

For the reasons set forth below, Defendant's motion to transfer venue is denied and Plaintiff's motion to remand the case to the state court is granted.

## BACKGROUND

SWLC is a financing company for office equipment and systems. (Affidavit of Kenneth P. Paston ("Paston Aff.") ¶ 6). It is a Delaware corporation with its principal place of business in Jericho, New York. (Id. Exh. 1). As part of its regular business practices, it acquires leases by assignment from third parties. (Id.) NorVergence was in the business of renting and reselling telecommunications services purchased from common carriers, and related hardware and equipment, to small busi-

nesses. (Not. of Removal ¶ 4a). Rachlin is a New Jersey corporation with its principal place of business in Newark, New Jersey. (Paston Aff. Exh. 1).

On or about September 12, 2003, Plaintiff and NorVergence entered into a master program agreement (the "Master Program Agreement"), pursuant to which NorVergence assigned certain rental agreements of specified equipment and agreed to assign future rental agreements to Plaintiff. (Paston Aff. ¶ 7 & Exh. 3). Under the terms of the Master Program Agreement, NorVergence assigned to SWLC all of "its rights, title and interest in and to the Rental Agreement and Equipment including all monies due and to become due under the Rental Agreement, but none of its obligations under the Rental Agreement." (Id. Exh. 3).

Three months later, Rachlin and NorVergence entered into an equipment rental agreement, dated December 4, 2003 (the "Rental Agreement" or the "Agreement"), pursuant to which Defendant rented certain telecommunications equipment from NorVergence. (Certification of Gail E. Alba signed on December 3, 2004 ("Alba Cert.") ¶ 2). The Rental Agreement specified the equipment that Rachlin agreed to rent. (Paston Aff. Exh. 4). The front of the Agreement encouraged Defendant to "read this Rental carefully and feel free to ask us any questions you may have about it." (Id.). The Agreement was signed by Rachlin's Vice President, Gail E. Alba ("Alba").[1] (Id.)

The Agreement required Defendant to pay the full amount due under the contract

---

1. Alba submitted a "certification" in which she stated that the specification of what equipment was the subject of the Rental Agreement was filled in by a representative for NorVergence after she signed it. (Alba Cert. ¶ 2). The Agreement, however, specifically allowed NorVergence to do what Alba suggests it should not have done, and states in relevant part that "[y]ou authorize us to insert or correct missing or incorrect information on the Rental." (Alba Cert. Exh. A). In any event, Alba's certification details the reasons she believes the Agreement is unenforceable. As set forth below, that issue is not properly before the Court because it lacks subject matter jurisdiction over this case.

regardless of any fraud or deception perpetrated by NorVergence in making the original sale or in failing to provide the promised equipment and services. The contract language, in fine print, stated as follows:

YOUR DUTY TO MAKE THE RENTAL PAYMENTS IS UNCONDITIONAL DESPITE EQUIPMENT FAILURE, DAMAGE, LOSS OR ANY OTHER PROBLEM. RENTER IS RENTING THE EQUIPMENT "AS IS," WITHOUT ANY WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE IN CONNECTION WITH THIS AGREEMENT. If the equipment does not work as represented by the manufacturer or supplier, or if the manufacturer or supplier or any other person fails to provide service or maintenance, or if the Equipment is unsatisfactory for any reason, you will make any such claim solely against the manufacturer or supplier or other persons and will make no claim against us.

(Paston Aff. ¶ 20, Exh. 4 at 1). The word "us" referred to the renter, which is NorVergence, a designated finance company, or an assignee not designated at the time of execution.[2]

Plaintiff subsequently notified Defendant of the assignment and directed that payments under the Agreement be made to it. (Not. of Removal ¶ 4y). Plaintiff

received only two monthly rental payments from Defendant and none after May 15, 2004. (Paston Aff. Exh. 1). As a result of Defendant's alleged breach of the Agreement, Plaintiff filed an action in New York Supreme Court, Nassau County, on September 8, 2004, to recover the remaining amounts due. (Id.) The complaint alleges a cause of action for breach of contract seeking to collect the unpaid rental payments and a separate "claim" for attorney's fees specifically provided for in the Rental Agreement. (Id.) Plaintiff has not asserted any federal causes of action in the complaint, including any arising under the Bankruptcy Code, and it has not asserted any claims against NorVergence.

On June 30, 2004, certain of NorVergence's creditors filed an involuntary Chapter 11 bankruptcy petition against it in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). (Not. of Removal ¶ 4ee). That court entered an order for relief and converted the bankruptcy from a Chapter 11 to a Chapter 7 case on July 14, 2004. (Id. ¶ 4ff).

In its removal papers, Defendant indicates that it will assert a counterclaim against Plaintiff and will add NorVergence and its Chapter 7 trustee as counterclaim defendants. (Not. of Removal ¶ 4). The proposed counterclaim will allege, among other things, that NorVergence fraudulently induced Rachlin to enter into the Rental Agreement, and that Plaintiff had actual or constructive knowledge of the fraud. (Id. ¶¶ 4a-ff).

---

2. The Rental Agreement also contained a forum selection clause in fine print:

Applicable Law. This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which the Rentor's [sic] principal offices are located or, if the lease is assigned by Rentor [sic], the laws of the state in which the assignee's principal offices are located, without regard to such State's choice of law

considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor [sic] or Rentor's [sic] assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

(Paston Aff. ¶ 20, Exh. 4 at 1).

## DISCUSSION

Before considering Defendant's motion to transfer venue, the Court must first decide the threshold question whether it has subject matter jurisdiction over this case. Pursuant to 28 U.S.C. § 1447(c), upon which Plaintiff relies to remand the case to state court, the Court is obligated to grant that motion if it "lacks subject matter jurisdiction." [3] "The removing party bears the burden of proof in establishing its right to a federal forum." *Property Clerk v. Fyfe*, 197 F.Supp.2d 39, 41 (S.D.N.Y.2002) (citations omitted).

■ A state court action may only be removed to federal court if the action could originally have been filed there. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); *see also* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action ... if such district court has jurisdiction of such claim or cause of action" because it arises in or is related to a

bankruptcy case); *Property Clerk v. Smith*, 2000 WL 1725017, at *2 (S.D.N.Y. Nov. 17, 2000) ("An irregularity in removal of a case to federal court is to be considered jurisdictional ... if the case could not initially have been filed in federal court") (citation and internal quotation omitted).

■ "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("the 'well-pleaded complaint rule'... provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Under that rule, "federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when the plaintiff's well-pleaded complaint raises issues of federal law." [4] *Marcus v. AT&T*

3. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Since, as set forth below, the Court does not have subject matter jurisdiction over this case, Plaintiff could have filed its motion to remand at any time prior to the entry of judgment. In any event, the docket sheet reveals that Plaintiff served this motion within 30 days after Defendant had filed its notice of removal, and pursuant to the Court's then-current individual motion rules, filed it after the motion was fully briefed.

4. Two exceptions exist to the well-pleaded complaint rule, the complete preemption doctrine and the artful pleading doctrine, neither of which are applicable. *Marcus v. AT&T Corp.*, 138 F.3d 46, 53–55 (2d Cir.1998). The complete preemption doctrine exists where "the pre-emptive force of a statute is so ex-

traordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Marcus*, 138 F.3d at 53 (quoting *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425) (internal quotations omitted). The second exception, the artful pleading doctrine, holds that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Marcus*, 138 F.3d at 55 (plaintiff may not avoid removal "by framing in terms of state law a complaint the real nature of [which] is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a complaint"). Where neither exception applies, "the well-pleaded complaint rule requires remand." *See, e.g., Levcor Int'l, Inc. v. MCI WorldCom Communications, Inc.*, 2001 WL 716918, at *2 (S.D.N.Y. June 26, 2001).

*Corp.*, 138 F.3d 46, 52 (2d Cir.1998). It has long been held that the party bringing suit "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). Courts have commented that because of significant federal concerns, "[r]emoval jurisdiction must be strictly construed." *In re NASDAQ Market Makers Antitrust Litig.*, 929 F.Supp. 174, 178 (S.D.N.Y.1996).

■ Where, as here, neither party has alleged diversity jurisdiction, removal requires federal question jurisdiction.[5] Defendant asserts two grounds for federal subject matter jurisdiction: 1) under 28 U.S.C. § 1334(b) "by reason of the fact that this civil proceeding arises under Title 11 ... or is related to a case under Title 11, namely the bankruptcy case involving NorVergence"; and 2) under 28 U.S.C. § 1334(e) "by reason of the fact that the rental payments due under" the Rental Agreement, "which is the subject of the complaint[,] and the counterclaim to be filed by [D]efendant ... involve property of NorVergence ... as of the commencement of its bankruptcy case and/or property of its bankruptcy estate." (Not. of Removal ¶ 2).

Rachlin's arguments that the Court has original jurisdiction over this case are not based on the allegations in the complaint. As noted above, the complaint sets forth a breach of contract claim based on Defendant's failure to make the rental payments under the terms of the Rental Agreement. (Paston Aff. Exh. 1). The complaint identifies NorVergence as one of the parties to the Rental Agreement, but alleges that on "or about December 29, 2003, NorVergence assigned all of its rights and interests under the Rental Agreement to SWLC." (Paston Aff. Exh. 1 ¶ 10). As a result of the assignment, SWLC obtained from NorVergence the unconditional right to receive the rental payments due and owing under the Agreement. (*Id.* ¶ 16). The other cause of action in the complaint is for attorney's fees based on the explicit terms of the Rental Agreement. On its face, therefore, the complaint alleges that Plaintiff's right to collect the rental payments from Defendant pursuant to the Agreement has nothing to do with NorVergence, its bankruptcy filing, the estate at issue before the Bankruptcy Court, or the Bankruptcy Code itself.

■ Accordingly, the sole basis for federal subject matter jurisdiction is the proposed counterclaim Rachlin seeks to assert. (*See* Not. of Removal ¶ 4; Def's Mem. at 27–30). "However, like a defense, a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule."[6] *See, e.g., Fyfe*, 197 F.Supp.2d at 41; *see also* 16 J. Moore, et al., Moore's Federal Practice § 107.14[3][a][vi], p. 107–86.17 (3d ed. 2004) ("In general, a defendant may not allege a federal question counterclaim and seek removal on that basis").

---

5. The complaint seeks damages of $23,436.67 plus attorney's fees, far short of the $75,000 in damages needed to be alleged as a jurisdictional prerequisite to diversity jurisdiction. *See* 28 U.S.C. § 1332(a); Paston Aff. Exh. 1 ¶ 19.

6. A counterclaim may confer federal jurisdiction on a district court only when a party has failed to move to remand a case to state court within 30 days after the removal, a counterclaim has been asserted at the time of the filing of the motion to remand, "and where the order of the pleadings readily could have been reversed" such that the party filing the counterclaim could have initiated the lawsuit. *See Smith*, 2000 WL 1725017, at * 2. This exception is not applicable here since Defendant's putative counterclaim could not have been "reversed" with the complaint which Plaintiff filed, Plaintiff has not waived the right to remand this case to state court, and Defendant has not yet filed its purported counterclaim.

■ It is well-established that the well-pleaded complaint rule applies both to federal question jurisdiction under 28 U.S.C. § 1331, and to bankruptcy jurisdiction under 28 U.S.C. § 1334, the latter upon which Defendant relies.[7] For example, in *Liberty Mutual Ins. Co. v. Lone Star Indus., Inc.*, 313 B.R. 9, 16 (D.Conn.2004), an insurer filed a complaint in state court seeking a declaratory judgment with respect to its liability for defense and indemnity costs in thousands of personal injury claims pending against the insured. After removal, the insurer moved to remand. In deciding that motion, the court noted that there are no decisions which, "with respect to bankruptcy law," alter "the 'well-pleaded complaint rule.'" *See also Yangming Marine Transp. Corp. v. Electri–Flex Co.*, 682 F.Supp. 368, 370 (N.D.Ill.1987) ("there is no bankruptcy exception to the well-pleaded complaint rule"); *Poplar Run Five Ltd. Partnership v. Virginia Elec. & Power Co.*, 192 B.R. 848, 855–56 (Bkrtcy. E.D.Va.1995) (well-pleaded complaint rule applied to § 1334 "arising under" jurisdiction); 16 J. Moore, et al., Moore's Federal Practice § 107.15[8][b], p. 107–133 (3d ed. 2004) ("Bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, which requires that the basis of federal jurisdiction be discernible from matters alleged in the complaint").

■ Contrary to Defendant's argument, the complaint makes clear that the breach of contract claims do not arise under Title 11 or in a case filed under that title. "[A] core proceeding arises 'under' title 11 when the relief sought is based on a right created by title 11. A matter arises 'in' title 11 when the gravamen of the proceeding arises in the particular bankruptcy case and would have no existence outside of bankruptcy." *Pinnacle Corp. v. Long–term Capital Mgmt.*, 237 B.R. 240, 242 (D.Conn.1999) (citations omitted). As noted above, the breach of contract claim is predicated on state law, and not on any bankruptcy statute, and the claim clearly exists independently of NorVergence's bankruptcy filing. Similarly, the complaint does not provide any support for Defendant's argument that the case is related to NorVergence's bankruptcy filing because the breach of contract cause of action seeks to collect the unpaid rental payments from Defendant. Plaintiff has not alleged that NorVergence is legally entitled to collect those payments from Defendant. In fact, the only reference to NorVergence in the complaint is the fact that it and Plaintiff originally entered into the subject contract, and that NorVergence assigned the contract to Plaintiff. Defendant has therefore failed to demonstrate that this case is related to a case under Title 11.[8] *See* 16 J. Moore, et al., Moore's Federal Practice § 107.15[8][b], p. 107–132 (3d ed. 2004) ("A lawsuit is *related* to a case under Title 11 when the

---

7. 18 U.S.C. §§ 1331 and 1334 are comparable in that they both use the phrase "arising under" in defining the limits of federal court jurisdiction. Section 1331 grants district courts jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1334 grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

8. The fact that Plaintiff is a defendant in an adversary proceeding pending before the Bankruptcy Court, that it is a defendant in a putative class action pending in New Jersey State Court, or that the Federal Trade Commission has filed a federal court lawsuit against NorVergence, all arising out of the Rental Agreement and similar agreements executed by NorVergence's clients, does not alter the fact that the complaint fails to confer subject matter jurisdiction on this Court. *See* Certification of Richard L. Zucker, executed on December 3, 2004, Exhs. A–C (attaching complaints).

outcome of the lawsuit could conceivably have an effect on an estate being administered in bankruptcy") (emphasis in original); *cf. Beneficial National Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (federal question jurisdiction of a claim that does not satisfy the well-pleaded complaint rule nonetheless lies when Congress has expressly provided for removal of such claims or when a federal statute "wholly displaces the state-law cause of action through complete preemption"). As a result, Defendant's notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1452 did not confer the Court with original jurisdiction over this case.[9]

Because the Court does not have subject-matter jurisdiction over this case and must remand it to the state court, the parties' other motions are denied as moot.[10]

### CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1412 is denied, and Plaintiff's motion to remand this case pursuant to 28 U.S.C. § 1447(c) is granted. The Clerk of Court is respectfully directed to remand this action by sending a certified copy of the order of remand to the Clerk of the New York State Supreme Court, Nassau County, and to close the case in this Court.

SO ORDERED.

---

9. Of course, because the Court is remanding the case to the state court, it does not decide whether the Rental Agreement, including its forum selection clause, is enforceable.

10. Pursuant to 28 U.S.C. § 1447(c), the Court exercises its discretion and does not require Defendant to pay Plaintiff's costs and actual expenses, including attorney's fees, incurred as a result of the removal. Significantly, Plaintiff's briefs filed in support of its motion to remand and for abstention barely addressed the dispositive issue, but instead focused on many irrelevancies, thereby increasing the costs for both parties.