James R. McGANN, Denise C. McGann, Timothy P. Finn, Mary Earle Finn, Patrick J. Carberry, Judith Ann Carberry, Janice B. Shaw and Georgia D. Goodwin, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Michael J. MUNGO, individually, Michael J. Mungo Co., Inc., South Carolina Federal Savings and Loan Association; First Service Corporation of South Carolina; The County of Lexington; Elise S. Rast, Roy J. Frick, Jerrod F. Howard, Russell B. Shealy, William H. DuBose, Lowell C. Spires, Jr., Bruce L. Merchant, Billy Oswald and J. Carl Spires in their official capacities as members of the Lexington County Council, the governing body of Lexington County, South Carolina; and the City of Columbia, Defendants.

Civ. A. No. 80–1709–0.

United States District Court, D. South Carolina, Columbia Division.

Sept. 23, 1982.

George W. Cox, Jr., Columbia, S.C., for plaintiffs.

George I. Alley, Susan Batten Lipscomb, Columbia, S.C., Archie L. Harman, III, Rawl, Purcell & Harman, Lexington, S.C., Robert W. Dibble, Jr., Edward M. Woodward, Jr., Wilburn Brewer, Jr., Roy D. Bates, Robert G. Cooper, Columbia, S.C., for defendants.

ORDER

MATTHEW J. PERRY, Jr., District Judge.

This action was commenced in the Court of Common Pleas for Lexington County, South Carolina and thereafter removed to this Court by some of the defendants pursuant to 28 U.S.C. §§ 1331 and 1441(c). The plaintiffs are residents of a subdivision in Lexington County, South Carolina known as "Coldstream." The defendants Michael J. Mungo and Michael J. Mungo Co., Inc. are the developers of the Coldstream subdivision. The remaining defendants are the South Carolina Federal Savings and Loan Association, the First Sav-

ings Corporation of South Carolina, the County of Lexington, the individual members of the Lexington County Council, and the City of Columbia. The complaint alleges several causes of action, some arising under the Constitution and laws of the United States and others arising under South Carolina law. Plaintiffs complain that the Coldstream residential subdivision, which was planned, approved, constructed, maintained and financed by the defendants, was negligently designed, planned, developed and constructed and that plaintiffs and the class of persons they seek to represent have been damaged; that acting under color of state law through regulations of Lexington County the defendants have acted in violation of plaintiffs' rights to due process of law and equal protection of the laws of the United States and of South Carolina; that the defendants have breached implied warranties that Coldstream was developed in such a manner that it would be suitable for residences; that plaintiffs have been deprived of their properties without due process in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 and in violation of Article 1, Section 3 of the South Carolina Constitution; and that plaintiffs' properties have been taken without just compensation. Plaintiffs seek both equitable relief and monetary damages.

On September 12, 1980 the case was removed to this Court by the defendants South Carolina Federal Savings and Loan Association and First Service Corporation of South Carolina. In their removal petition, the defendants observed that the complaint set forth two claims over which this Court has original jurisdiction, i.e. the allegation that defendants have violated plaintiffs' rights to due process and equal protection under the laws of the United States (second cause of action) and the allegation that the defendants have deprived the plaintiffs of their property without due process of law under the Fourteenth Amendment and 42 U.S.C. § 1983 (fourth cause of action).

At a hearing convened by the Court of May 5, 1981 the plaintiffs moved to dismiss "all the federal questions involved." Counsel for the plaintiffs explained that "What I am moving before the court today is for an absolute abandonment of those allegations as they concern the United States Constitution under 1983...." Thereafter, the plaintiffs filed a written motion to dismiss those portions of the complaint which allege that the defendants violated the plaintiffs' rights to due process and equal protection of the laws of the United States. Plaintiffs also moved to remand the case to the Court of Common Pleas for Lexington County, South Carolina upon the ground that this Court "no longer has subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1343" since the plaintiffs have voluntarily abandoned all causes of action of the complaint which assert violations of federal law.

In response to plaintiffs' motion to dismiss the federal causes of action, the defendants Michael J. Mungo and Michael J. Mungo Co., Inc. object to dismissal of the federal claims "at this time" because the class of persons on whose behalf the action was filed has not yet been certified so that dismissal prior to certification of the class would prejudice these defendants by exposing them to additional lawsuits by other potential members of the purported class. These defendants further argue that "[i]t may well be that ultimately the plaintiffs' federal causes of action should be dismissed, either voluntarily or otherwise; however ... any dismissal is premature if done prior to class certification."

Defendant Russell B. Shealy, a member of the Lexington County Council, does not oppose the plaintiffs' motion to dismiss the federal causes of action but he does oppose plaintiffs' motion to remand the action to the Court of Common Pleas for Lexington County, South Carolina upon the ground that this Court should dispose of all motions which were pending when the motion to remand was filed. This defendant argues that, notwithstanding the withdrawal or dismissal of the federal claims, this Court has the requisite jurisdiction to dispose of the pendent state claims. The de-

fendants County of Lexington and members of the Lexington County Council take the same position as does Mr. Shealy. Similarly, the defendant First Service Corporation of South Carolina opposes the motion to remand the case to the State Court and relies heavily upon two cases decided by judges of this Court denying motions to remand where the complaints were later amended to remove the federal claims.

■ As stated above, the original complaint included allegations that the defendants violated certain rights of the plaintiffs which are protected under the United States Constitution and under 42 U.S.C. § 1983. That the action containing those allegations was properly removed to this Court may not be gainsaid. *See* 28 U.S.C. §§ 1441, 1443. This is true even though the complaint asserts several other causes of action which arise under the laws of· South Carolina. The authority of this Court to hear and decide the state law causes of action rests upon its pendent jurisdiction. But, as stated above, the plaintiffs have abandoned all alleged causes of action arising under the Constitution and laws of the United States. Additionally, plaintiffs move to dismiss the action as to all of these federal causes of action.

As to defendant Mungo's objection to dismissal of the claims prior to certification of the class, only the named plaintiffs are parties to the suit against the several defendants at this time. The class has been neither identified nor certified by this Court. The named plaintiffs clearly have the right to abandon the suit in whole or in part. That the dismissal of the federal claims at this time might leave the defendant Mungo exposed to possible suit on the ·federal claims by other members of the proposed class does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose. *Great Northern Railway Company v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). The Court is unpersuaded by Mr. Mungo's argument. The remaining defendants offer no opposition to the dismissal of the federal claims. Accordingly, the plaintiffs' motion to dismiss those portions of the complaint which allege that the defendants violated plaintiffs' rights of due process and equal protection under the laws of the United States is granted and these allegations, the second and fourth causes of action, are dismissed.

The plaintiffs also move to remand the action to the Court of Common Pleas for Lexington County, South Carolina. In support of the motion, they contend that since they have obtained dismissal of all federal claims, this Court no longer has subject matter jurisdiction of the case. Some of the defendants oppose the motion to remand. The defendants Michael J. Mungo and Michael J. Mungo Co., Inc. oppose the motion to remand and assert that a plaintiff may not defeat federal jurisdiction after removal by amending his complaint to delete the federal claims originally asserted. These defendants cite and rely upon *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir.), *cert. denied*, 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950), which indeed supports that argument. And, as pointed out by the defendants, *Brown v. Eastern States Corp.* has been followed in at least two cases in the United States District Courts in South Carolina, *Best v. American National Growers Corporation*, 197 F.Supp. 170 (D.S.C.1961), and *Jacks v. Torrington Company*, 256 F.Supp. 282 (D.S.C. 1966), for the proposition Mr. Mungo argues. The defendant the County of Lexington, the Lexington County Council Members and Russell B. Shealy object to remanding the case "prior to a hearing and determination of their motion to dismiss plaintiffs' complaint" and assert that they are entitled to have pending motions decided by this Court.

The Supreme Court teaches that "[p]endent jurisdiction ... exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties ...' United States Constitution, Art. III § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional

'case.'" And "the federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Moreover, "[t]he state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (original emphasis) (footnote omitted). *See Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933).

Nevertheless, "pendent jurisdiction is a doctrine of discretion.... Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims even though bound to apply state law to them.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surefooted reading of applicable law." *Id.* 383 U.S. at 726, 86 S.Ct. at 1139. And, as the Court emphasized,

> Certainly, *if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.* Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals...
>
>        ✭    ✭    ✭    ✭    ✭    ✭
>
> The question of power will ordinarily be resolved on the pleadings. *But the issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation.* Pretrial procedures or even the trial itself

may reveal a substantial hegemony of state law claims, or a likelihood of jury confusion, which could not have been anticipated at the pleading stage. Although it will of course be appropriate to take into account in this circumstance of the already completed course of the litigation, dismissal of the state claim might even then be merited.... [R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.

*United Mine Workers of America v. Gibbs, supra* at 726, 727, 86 S.Ct. at 1139 [emphasis added]. *See also Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); and *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

■ While it is true that the case was properly removed to this Court, the federal claims which constituted the basis for removal have now been dismissed. Some of the defendants argue that the Court should decide their several motions to dismiss prior to remand. But decision of the issues presented by those defense motions would be dispositive of the state causes of action. The real question now presented is whether, having dismissed the federal claims, this Court should proceed, on the basis of its pendent jurisdiction, to decide the plethora of state law issues contained in the complaint. While the cases cited by the defendants indicate that this Court has the power to hear and dispose of the case notwithstanding the dismissal of the federal claims, the Supreme Court's message is clear. "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs, supra*, 383 U.S. at 728, 86 S.Ct. at 1140. In this case, the plaintiffs have moved to re-

mand the case to the South Carolina tribunal for trial or other disposition of the state claims. As only state law claims remain, I believe these claims are best heard in the state tribunal.

I have fully considered the arguments of the parties and conclude that, for the reasons stated above, the motion to remand this case to the Court of Common Pleas for Lexington County, South Carolina should be and it is hereby granted.

IT IS SO ORDERED.