Gary W. KIMSEY; Mary Jane Kimsey; Bobby C. Ransom; Lisa Ransom; David Duncan; Stephanie Duncan; Scott F. Hegedus and Jane E. Hegedus, Plaintiffs,

v.

SNAP–ON TOOLS CORPORATION; Bob Luttrel, and Tracy Gentry individually and as Field Managers of Snap–On Tools Corporation; Trace Dengler, III, individually and as a Branch Manager of Snap–On Tools Corporation; and Jim Jenkins, Tony DiSantos and Marshall Boston, individually and as Sales Managers of Snap–On Tools Corporation, Defendants.

Grant Barton HAYES; Genene Hayes; Jeffery L. Bunten; Robin M. Bunten; Joey McRary and Pamela McRary, Plaintiffs,

v.

SNAP–ON TOOLS CORPORATION; Willis Hartley, Tracy Gentry and Terry Kritzman, individually and as Field Managers of Snap–On Tools Corporation; Trace Dengler, III, individually and as a Branch Manager of Snap–On Tools Corporation; and Ed Bonge, Tony DiSantos and Marshall Boston, individually and as Sales Managers of Snap–On Tools Corporation, Defendants.

Nos. C–C–90–0328–P, ST–C–90–92–P.

United States District Court,
W.D. North Carolina,
Charlotte and Statesville Divisions.

Nov. 28, 1990.

Donald R. Strickland and Howard F. Twiggs, Blanchard Twiggs Abrams & Strickland, Raleigh, N.C., and Charles E.C. Harris, San Francisco, Cal., for plaintiffs.

Rodrick J. Enns and Thomas E. Graham, Petree Stockton & Robinson, Winston–Salem, N.C., and Gordon W. Hatheway, Jr., Reed Smith Shaw & McClay, Washington, D.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THESE MATTERS are before the Court on Plaintiffs' identical motions, filed November 13, 1990, to amend their complaints to delete claims against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, (RICO) 18 U.S.C. §§ 1961–1968 as previously alleged in Count IV of Plaintiffs' complaints.

The undisputed facts in these matters indicate that Plaintiffs filed their complaints in the General Courts of Justice, Superior Court Division, Gaston and Wilkes Counties respectively, North Carolina on September 21, 1990. The complaints allege that Defendants fraudulently induced Plaintiffs, dealers of Snap–On Tools, to quit their jobs and invest large sums of money and personal services to become and operate Snap–On dealerships. Plaintiffs contend that material misrepresentations were made to them by Defendants. Moreover, Plaintiffs believe that Defendants are responsible for the failure of Plaintiffs' businesses.

In addition to various state cause of actions such as fraud, unfair trade practices, negligent misrepresentation, violation of the North Carolina Racketeer Influenced and Corrupt Organizations Act, intentional and negligent infliction of emotional distress, and slander, Plaintiffs also included a federal RICO count. Based on that count, Defendants on October 11 and 15, 1990 filed notices of removal. On October 23, 1990, Defendants filed motions pursuant to 9 U.S.C. §§ 3 and 4 to compel arbitration and to stay this action pending the arbitration. Additionally, Defendants on October 25, 1990 requested that the Court stay discovery in this matter until the Court ruled on the motion to arbitrate. The Court has not yet ruled on these motions.

■ In support of the motions to amend the complaints, Plaintiffs state that Rule 15(a) of the Federal Rules of Civil Procedure requires that such motions be freely granted if the interest of justice will be served. By allowing the complaints to be amended to eliminate the RICO claims, Plaintiffs contend that the Court will no longer have subject matter jurisdiction in the cases since all remaining claims are based on state law and there is no diversity of citizenship. Accordingly, Plaintiffs request that the Court then remand these matters to state court pursuant to 28 U.S.C. § 1447(c).

Defendants vigorously object to Plaintiffs' motions in responses filed on November 23, 1990. In support of their position, Defendants cite the 1950 Fourth Circuit case of *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir.1950), *cert. denied,* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950). In that case, the Fourth Circuit held that where a defendant had removed a case filed in state court on the grounds that one of the claims in the case involved a federal question and the plaintiff subsequently amended his complaint to eliminate that

claim, the district court was not divested of jurisdiction simply because the federal claim was removed from the complaint. Thus, the district court was correct in refusing to remand the case to state court. "[T]he case is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed". *Id.* at 28–29. Based on this and other court of appeal cases, Defendants argue that remand is not appropriate where a plaintiff attempts to avoid federal jurisdiction by amending his complaint. *See Defendants' Briefs*, filed November 23, 1990, at 5, note 1.

The only recent court in the Fourth Circuit addressing an argument similar to the one made by Defendants specifically rejected the analysis promulgated by Defendants. In *McGann v. Mungo*, 578 F.Supp. 1413 (D.S.C.1982), Judge Matthew J. Perry cited the *Brown* case. However, Judge Perry noted that the subsequent United States Supreme Court case of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) eviscerated the holding of *Brown*. The court noted that while it might have jurisdiction to hear and dispose of a case notwithstanding the dismissal of the sole federal claim, the preferred course of action as dictated by the Supreme Court is to dismiss the remaining state claims as well. *See McGann*, 578 F.Supp. at 1416 (citing to *Gibbs*, 383 U.S. at 728, 86 S.Ct. at 1140). Accordingly, Judge Perry held, "[A]s only state law claims remain, I believe these claims are best heard in the state tribunal".

In this case, the Court believes that Rule 15(a) requires that leave be liberally granted to amend the complaints. Plaintiffs state that they no longer wish to pursue federal RICO claims. The Court can envision a host of reasons for such a decision including the expense and complexity of pursuing RICO claims. While Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, the Court does not believe that this is the sole reason. Moreover, such a reason "... does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose". *Id.* at 1415. Therefore, the Court will grant Plaintiffs' motions to amend the complaints by eliminating the federal RICO claim.

The Court must now decide whether it has jurisdiction over the remaining state claims. The Court believes that Defendants misconstrue the holding in *Brown* by arguing that federal jurisdiction in a removal case cannot be defeated by amending the complaint to eliminate the sole federal count. The court in *Brown* did not enunciate such a holding. Rather, the court merely held that subject matter jurisdiction is not divested from the district court when the federal counts are dismissed from the complaint. Judge Perry in *McGann* concluded that in such a situation the district court must utilize its discretion in determining whether "justification lies in considerations of judicial economy, convenience and fairness to litigants". *McGann*, 578 F.Supp. at 1416 (citing *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139).

Moreover, the Supreme Court has recently held that when a district court relinquishes jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). In the cases at hand, the Court believes that little reason exists to retain jurisdiction over these matters. The issues remaining all involve state questions between residents of North Carolina. The Court believes that the interests of justice will be best served by the matters being remanded to the appropriate state courts.

Because the Court will order that these matters be remanded to the appropriate state courts, Defendants' remaining motions to compel arbitration and to stay discovery are moot.

NOW, THEREFORE, IT IS ORDERED that Plaintiffs' motions to amend their complaints to delete claims against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, (RICO) 18 U.S.C. §§ 1961–1968 as previously alleged in Count IV of Plaintiffs' complaints be, and hereby are, GRANTED.

IT IS FURTHER ORDERED that these matters be REMANDED to the appropriate state courts in which the action was originally brought and that the Clerk cause the files in the matters to be transferred to that Court.