**Norman FLEEMAN and Thresia Fleeman, husband and wife, Plaintiffs,**

v.

**TOYOTA MOTOR SALES, U.S.A., INC., a foreign corporation, Defendant.**

**No. CIV.A.5:03–0667.**

United States District Court, S.D. West Virginia, at Beckley.

Oct. 28, 2003.

---

Timothy P. Lupardus, Lupardus Law Office, Pineville, WV, for Plaintiff.

Andrew B. Cooke, Alonzo D. Washington, Flaherty Sensabaugh & Bonasso, Charleston, WV, for Defendant.

### *OPINION*[1]

FABER, Chief Judge.

Pending before the court is plaintiffs' motion to dismiss its Magnusson–Moss Warranty Act Claims (doc. 5). For the reasons given below, the motion is hereby GRANTED, and, accordingly, the case is REMANDED to the Circuit Court of Wyoming County, West Virginia.

### *Factual and Procedural Background*

This case arises out of plaintiffs' June 19, 2000 purchase of a Toyota 4Runner from a Toyota dealership in Beckley, West Virginia, and subsequent nonconformities in the vehicle which required repair. Complaint, doc. 1, ¶¶ 5, 8. Plaintiffs filed suit in the Circuit Court of Wyoming County on June 13, 2003. Plaintiffs allege that despite a number of attempts by defendant to conform the vehicle to the applicable express warranties obtained with the purchase of the vehicle, the 4Runner continues not to conform, and that the defendant has accordingly failed to make repairs necessary to conform the vehicle to the warranty. *Id.* at ¶ 9. Accordingly, plaintiffs allege breach of implied and express warranties for the vehicle. Plaintiffs seek full refund of the purchase price, or, in the alternative, damages for the diminished value of the vehicle, as well as loss of use, annoyance and inconvenience, and attorneys fees. *Id.* at ¶ 14. In the complaint, plaintiffs allege that "any disclaimer set forth in the warranties pertaining to this vehicle should be invalidated according to Title 15, United States Code §§ 2301 et seq." which is commonly known as the Magnusson–Moss Warranty Act. *Id.* at ¶ 21.

Defendant removed the case to this court on July 15, 2003, based on federal question jurisdiction flowing from plaintiffs' allegations of violation of the Magnusson–Moss Warranty Act. Plaintiffs now seek to dismiss any Magnusson–Moss Warranty Act claims. *See* plaintiffs' motion to dismiss Magnusson–Moss Warranty Act claims, doc. 5. Defendant then filed its memorandum in opposition to plaintiffs' attempted remand and motion to dismiss Magnusson–Moss Warranty Act claims. *See* doc. 7.

In its memorandum, defendant alleges in a footnote that "(w)hile Plaintiffs have not properly filed a motion to remand this

---

1. This opinion was drafted for the court on October 8, 2003, by Spencer B. Dennison, Law Clerk to Chief Judge David A. Faber.

Mr. Dennison died on October 9, 2003, as a result of injuries sustained in an off-road vehicle accident on October 8.

case to state court, Toyota assumes that is what Plaintiffs are attempting to do." *Id.* at 2. Accordingly, defendant concedes the possibility of remand has arisen, and opposes any remand of the instant action by the court. The court now turns to plaintiffs' motion and the issue of remand.

*Analysis*

*Leave to Amend*

■ As noted, plaintiffs attempt to amend their complaint to dismiss any federal law based claims under the Magnusson–Moss Warranty Act. Although plaintiffs cite no authority supporting the right to amend their complaint, and neither party addresses the issue, the threshold inquiry is whether plaintiffs may amend their complaint at this stage in the proceedings. Federal Rule of Civil procedure 15(a) reads, in pertinent part, as follows: "(a)party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... (o)therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Defendant in the instant action served its answer (doc. 2) on July 15, 2003. Accordingly, plaintiffs may amend their complaint only by leave of the court. *Id.* However, as noted, the rule requires that leave be freely given "when justice so requires." Indeed, as the United States Court of Appeals for the Fourth Circuit has noted, "(t)he Supreme Court has declared that 'this mandate is to be heeded.'" *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The Fourth Circuit has held that leave to amend may be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986). Defendant has not alleged delay or any similar prejudice, let alone bad faith or futility. Accordingly, the court finds that it must grant plaintiffs' motion for leave to amend, styled by plaintiffs as a motion to dismiss the Magnusson–Moss Warranty Act claims, in the instant action. Having granted plaintiffs leave to amend the complaint to drop the sole federal claim in the instant action, the court must now consider whether subject matter jurisdiction remains.

*Subject Matter Jurisdiction*

Any civil action brought in state court may be removed if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Article III of the United States Constitution provides, in pertinent part, that "(t)he judicial Power shall extend to all Cases ... arising under the ... Laws of the United States." Further, the federal question statute provides, in its entirety, that "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A federal district court must continually re-evaluate the alleged basis for its jurisdiction throughout the course of the litigation. As such, there is no time bar to challenging jurisdiction during the pendency of the action. Indeed, 28 U.S.C. § 1447(c) provides, in pertinent part, as follows: "(i)f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded.*" (Emphasis added). The issue of subject matter jurisdiction and remand, although raised by defendant in the instant action, may also be reviewed by the court *sua sponte.*

■ As noted, plaintiffs seek to dismiss the sole federal claim contained in its com-

plaint, and defendant opposes this motion in a memorandum which raises the issue of remand. Thus, the court next turns to defendant's allegation that remand is foreclosed in the instant action by *Brown v. Eastern States Corporation,* 181 F.2d 26 (4th Cir.1950).[2] Having reviewed that decision, issued in 1950, the court finds that it does indeed hold that under 28 U.S.C. § 1447, the rule is "that the case is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed." *Id.* at 28–29. However, district courts in the Fourth Circuit that have examined the issue since *Brown* have concluded that the *Brown* rule does not apply in situations like that in the instant action in light of *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In *Gibbs,* the United States Supreme created the "common nucleus of operative facts" and "would ordinarily be expected to try (the state and federal claims) all in one judicial proceeding" tests for pendent jurisdiction cases. *Id.* at 723–725, 86 S.Ct. 1130. In creating these tests, the Court stated as follows: "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. 1130.

Based upon *Gibbs,* district courts in the Fourth Circuit have found remand to be the proper course when presented with cases like the instant action. For example, the court in *McGann v. Mungo,* 578 F.Supp. 1413 (D.S.C.1982), noted that while it might have jurisdiction over a case despite the dismissal of the only federal claim, the preferred course of action under the Supreme Court's decision in *Gibbs* is to dismiss the remaining state claims as well. *See McGann,* 578 F.Supp. at 1416 (citing to *Gibbs,* 383 U.S. at 728, 86 S.Ct. 1130). Similarly, a district court in the Western District of North Carolina faced with a pendent state law claim in which the original federal claim was voluntarily dismissed by plaintiffs held that "(w)hile Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, the Court does not believe that this is the sole reason (for dismissal). Moreover, such a reason '. . . does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose.'" *Kimsey v. Snap–On Tools Corp.,* 752 F.Supp. 693, 695 (W.D.N.C.1990) (citing *McGann* at 1415). Indeed, as the *McGann* court pointed out, "(n)eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surefooted reading of applicable law." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130.

For all of these reasons, the court follows United States Supreme Court precedent as well as clear weight of authority of district courts in the Circuit which have examined the issue since *Gibbs,* and finds that it must remand the instant action.

## Conclusion

Based on the above, the court concludes that it has no federal question jurisdiction over the case. This action was therefore removed improvidently and without jurisdiction and must be remanded to the Cir-

---

**2.** Defendants also rely on an unpublished opinion by the Fourth Circuit, *Binkley v. Loughran,* 940 F.2d 651, 1991 WL 135229 (4th Cir.1991). *See* defendants memorandum in opposition to plaintiffs' attempted remand, ex. A. However, under Rule 36(c) of the general provisions for United States Court of Appeals for the Fourth Circuit, citation of the

Fourth Circuit's "unpublished dispositions in briefs and oral arguments in this Court and in the district courts within this Circuit is disfavored." Accordingly, particularly in light of the on-point and in-Circuit authority cited below, the cited unpublished opinion is nonbinding and does not effect the outcome of the instant action.

cuit Court of Wyoming County, West Virginia, where it was originally filed.

An appropriate Order will be filed with this Opinion remanding this case to the Circuit Court of Wyoming County, West Virginia.

### REMAND ORDER

For the reasons discussed in the court's Memorandum Opinion filed today, the court finds that this action was removed improvidently and without jurisdiction. It is therefore ORDERED that this action be, and it is hereby, remanded to the Circuit Court of Wyoming County, West Virginia.

The Clerk is directed to mail copies of this Remand Order and copies of the court's Memorandum Opinion to counsel of record and a certified copy of this Remand Order to the Clerk of the Circuit Court of Wyoming County, West Virginia.