**Andrew W. RAMOTNIK, Plaintiff,**

v.

**Henry FISHER, et al., Defendants.**

**Civil Case No. RWT 08–0369.**

United States District Court, D. Maryland.

July 25, 2008.

County and declines to award costs and fees to Wells Fargo.

Brynee K. Baylor, Baylor and Jackson PLLC, Washington, DC, for Plaintiff.

Amy S. Owen, Kimberly L. Cole, Cochran and Owen LLC, Vienna, VA, Sue Lawless, Samek McMillan and Metro PC, Rockville, MD, for Defendants.

## MEMORANDUM OPINION

ROGER W. TITUS, District Judge.

On February 11, 2008, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a Notice of Removal of this case from the Circuit Court of Prince George's County, Maryland, based on this Court's alleged federal question jurisdiction over one of Plaintiff's claims. The issue now is whether to remand the case back to State court after Plaintiff amended his Original Complaint to excise the apparent federal claim that was the basis of Wells Fargo's removal. Of more concern to the parties, it seems, is whether to award Wells Fargo costs and attorney's fees expended in the removal process. For the reasons stated herein, the Court will remand the case to the Circuit Court for Prince George's

I.

In its Notice of Removal, Wells Fargo asserted that the Court has jurisdiction over Plaintiff's Original Complaint, pursuant to 28 U.S.C. § 1331, based on the title of Count VI: "Civil Conspiracy to Commit Fraud and Violate State and *Federal* Statutes."[1] (Emphasis added.) Wells Fargo explained in its notice that from this title it "appears" Plaintiff was asserting a violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* Ten days after the removal, Plaintiff filed both (1) an Amended Complaint that deleted the words "and Federal" from the heading of Count VI[2] and (2) a motion to remand the action to the Circuit Court for Prince George's County.[3] Plaintiff stated in his motion to remand that the Original Complaint "erroneously contained a Federal Claim of Federal Conspiracy when it was Plaintiff's intent to only assert a state conspiracy claim against the parties." (Paper No. 10 ¶ 1). Plaintiff argues that, because there is no longer a federal question in controversy, this Court no longer has jurisdiction pursuant to 28 U.S.C. § 1446.

Wells Fargo responded by requesting, pursuant to 28 U.S.C. § 1447, that the

---

1. Two days later, the Clerk of the Court entered on the docket of this case several documents apparently filed originally in state court, including a motion to dismiss the Original Complaint that is still pending. (*See* Paper Nos. 4–6). Even aside from the disposition of Plaintiff's motion to remand, this motion to dismiss will be denied as moot due to Plaintiff's subsequent filing of an Amended Complaint.

2. Other than this change and the substitution of NRT Incorporated for Coldwell Banker, Residential Mortgage, as a named defendant, the Amended Complaint made no other changes. (*See* Paper No. 12).

3. Subsequent to Plaintiff's filing of the Amended Complaint and motion to remand, Wells Fargo filed a motion to dismiss the Amended Complaint. (Paper No. 13). Plaintiff then moved to stay the Court's disposition of this motion to dismiss pending this Court's disposition of the motion to remand. (Paper No. 15). Because of the Court's decision to remand this action to State court, the Motion to Stay will be granted, and the motion to dismiss will be remanded without decision to the Circuit Court for Prince George's County, Maryland.

Court order Plaintiff to pay to Wells Fargo $1,500 for all costs and expenses, including attorney's fees, associated with its removal of this action and its response to the motion to remand.[4] Wells Fargo argues that Plaintiff has conceded that he had no "good faith basis" for including the federal claim in his Original Complaint and that it "should not be made to bear the financial burden of Plaintiff's errors or inadvertencies." (Paper No. 11 at 2). Wells Fargo does not otherwise oppose an order remanding this case to state court.[5]

## II.

Subsection 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Even where an award of costs and expenses is permissible, however, such a decision is ultimately discretionary within established standards. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136,

141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)(holding that "courts may award attorney's fees [against a removing party] under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal").

### A. Whether 28 U.S.C. § 1447(c) Authorizes an Award of Costs and Expenses Against the Non–Removing Party

■ Here, Wells Fargo has requested an award of two categories of costs and expenses: (1) those associated with its removal of this action and (2) those associated with its response to the motion to remand. The Court concludes that an award of neither category of costs and expenses is permissible, at least under subsection 1447(c). Although section 1447(c) permits an award of costs and expenses to a party seeking remand of a case improperly removed, it does not permit such an award in a case where the initial removal was proper.[6] *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir.1995). Such a conclusion is unavoidable because, giving the text of the statute its most natural reading, and keeping in mind the purpose

4. The Court notes that Wells Fargo has requested the round figure of $1,500 for "all costs and expenses, including attorney fees," without providing any of the documentation required by Appendix B of the Local Rules of this Court.

5. Despite styling its pleading as an "Opposition" to Plaintiff's motion to remove and remand, Wells Fargo neither sets forth an argument as to why the Court should not remand the action nor prays for the Court to retain jurisdiction.

6. This reading is consistent with the most recent pronouncement by the United States Supreme Court on the costs-and-expenses provision of section 1447(c): "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only *where the removing party lacked an objectively reasonable basis for seeking removal.* Conversely, when an objectively reasonable basis exists, fees should be

denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)(emphasis added). Because the *Martin* Court was considering only the standard for awarding fees against a removing party and not the question presented here— whether a non-removing party may ever be subjected to sanctions—the Court will not go so far as to read *Martin* as requiring the holding this Court sets out today. *But see Berry v. PLC, Inc.*, Civ. No. RDB–06–0006, 2006 WL 1042373, *2 n. 6 (D.Md. Apr. 20, 2006)(citing *Martin* in denying a removing defendant's request for costs and expenses). Nevertheless, the Supreme Court's decisively worded statement that district courts should exercise their discretion to award fees only where there was no objectively reasonable basis for removal at least illustrates that the Supreme Court shares the view that section 1447(c) was contemplated as a brake on the otherwise unfettered power of a defendant to remove an action.

of permitting such an award, neither category of costs and expenses was "incurred *as a result of* the removal." (Emphasis added.)

■ As to the first category requested by Wells Fargo, the Court cannot conclude that costs and expenses incurred by the removing party in effecting the removal itself are available under the statute. *See Fleet Nat'l Bank v. Weightman Group,* No. 02Civ.9556(KMW)(DF), 2003 WL 21781967, *3, 5 (S.D.N.Y. June 19, 2003)(denying defendants' request for sanctions against plaintiffs seeking remand because "28 U.S.C. § 1447(c) does not appear to cover the situation presented by this case, where the removal itself was proper"). Such costs and expenses would be more aptly described as simply the "costs and expenses of removal" or even the "costs and expenses incurred in the removal," and not the "costs and expenses incurred *as a result of* the removal." The action by which such costs and expenses are incurred was not taken as a "result of the removal," but rather was part and parcel thereof.[7]

■ As to the second category of expenses requested by Wells Fargo, the Ninth Circuit Court of Appeals has set forth persuasive reasoning as to why costs and expenses associated with opposing remand of a properly removed case are not "incurred as a result of the removal":

> Where the removal was proper but plaintiffs take action subsequent to removal to precipitate remand, the expense of opposing remand would not have been incurred absent the removal. That expense, however, is proximately caused by the plaintiff's subsequent action rather than by the removal itself.

Such an expense, therefore, is not 'a result of removal,' and therefore is not authorized under section 1447(c).

*Baddie,* 64 F.3d at 490; *see also Property Clerk v. Fyfe,* 197 F.Supp.2d 39, 42 (S.D.N.Y.2002)(holding that "§ 1447(c) does not provide for an award of costs and fees to the party opposing remand").

This reading of the statute is strongly supported by its legislative history. The commentary accompanying the 1988 revision to the statute explains that the purpose of the costs-and-expenses provision, like the former requirement of a removal bond in section 1446 that it replaced, is to *deter improper removal:*

> Congress says that this added power under subdivision (c) of § 1447 is to "replace" the bond requirement now eliminated from removal procedure with the repeal of subdivision (d) of the old § 1446....
>
> The money sanction is as potent a threat as the bond was, and possibly even greater, but it lacks the "good and sufficient" surety that would have guaranteed payment of whatever the bond secured.

28 U.S.C. 1447, David D. Siegel, Commentary on 1988 Revision of Section 1447. The Second Circuit has aptly explained the need for such deterrence of improper removals:

> Removal is done *ex parte* and without need of a court order. A defendant removes a case from state court to federal court simply by filing a signed notice of removal in the United States district court. While the simplicity of this procedure facilitates removal, it also exposes a plaintiff to the possibility of

---

7. Indeed, perhaps illustrating the awkwardness of stating that costs and expenses incurred in removing an action were incurred "as a result of the removal," even Wells Fargo in its opposition to Plaintiff's motion to remand, prays for all costs and expenses, including attorney fees, "associated" with the removal of the action, not "incurred as a result of the removal."

abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal....

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir.1999)(internal citation omitted). In sum, the purpose of the costs-and-expenses provision is to serve as a counterweight to the otherwise unfettered power of a defendant to unilaterally, and potentially improperly, remove an action to federal court. The same counterweight is not needed for a Plaintiff seeking to dismiss federal claims and obtain a remand of a case to State court.

### B. *Whether Plaintiff's Conduct Was Proper*

■ An examination of Plaintiff's conduct here both reinforces the interpretation of section 1447(c) discussed above and reveals that, even if such an award were within the Court's discretion, Plaintiff's conduct was proper. Rule 15(a) of the Federal Rules of Civil Procedure provides: "A party may amend [his] pleading once as a matter of course ... before being served with a responsive pleading." Here, Wells Fargo had filed a motion to dismiss at the time Plaintiff moved to remand, but such a motion to dismiss is not considered a responsive pleading for purposes of Rule 15. *See Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993)("A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)."). As such, Plaintiff here was

fully within his rights to amend his Complaint without leave of this Court.

The propriety of Plaintiff's behavior in this case is illustrated by comparison with the plaintiff in *Shilling v. Northwestern Mutual Life Insurance Co.*, 423 F.Supp.2d 513 (D.Md.2006). Much like the Court is doing here, the *Shilling* case had previously been remanded after the plaintiff filed an amended complaint in federal court that deleted a claim over which this Court allegedly had exclusive jurisdiction. *Id.* at 516. While this first amendment and remand alone would be enough to support the propriety of Plaintiff's actions here, *Shilling* goes further. After the State court on remand disposed of the defendants' motions to dismiss, the plaintiff substituted a claim under the federal Age Discrimination in Employment Act ("ADEA") for his prior claim under the Baltimore City Code, prompting the defendants to remove again. *Id.* Plaintiff then moved to dismiss his ADEA claim, stating explicitly that he was doing so to destroy federal jurisdiction. *Id.* at 518 & n. 7.

Analyzing the plaintiff's motion to dismiss the ADEA claim as a motion for leave to amend with leave of court under Rule 15(a),[8] Chief Judge Benson E. Legg of this Court granted leave to amend and remanded the case for a second time, while also denying an award of costs and expenses to the defendants. In doing so, Chief Judge Legg found no evidence that Plaintiff moved to amend in bad faith, despite Plaintiff's admitted motive of returning to State court: "Although Plaintiff is apparently seeking to dismiss his [federal] claim in an effort to destroy federal jurisdiction, such 'jurisdictional maneuvering,' as Defendants call it, is not evidence of bad faith." *Id.* at 519 (D.Md.2006); *see*

---

8. Unlike here, the plaintiff in *Shilling* "ha[d] already amended his Complaint once as a matter of course," and the defendants "ha[d]

already filed their Answers," *id.* at 518, thus requiring leave prior to amendment.

*also Kimsey v. Snap–On Tools Corp.,* 752 F.Supp. 693, 695 (W.D.N.C.1990)("While Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, ... such a reason '... does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose.'" (quoting *McGann v. Mungo,* 578 F.Supp. 1413, 1415 (D.S.C.1982))).

 As in *Shilling,* Wells Fargo has offered no evidence that Plaintiff's actions here were undertaken in bad faith. Indeed, as illustrated by both *Shilling* and *Kimsey,* it is not bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court. Such a remand is the risk that a removing defendant takes.[9] Certainly, there is no evidence or even accusation that Plaintiff's inclusion and subsequent deletion of the federal basis for jurisdiction was "prompted by any ill motive toward [Wells Fargo], such as a desire to force [it] to incur expenses in the removal and remand process." 423 F.Supp.2d at 519. Although the Court does not endorse careless drafting, Wells Fargo's argument that Plaintiff has conceded he had "no good faith basis for inclusion of such [federal] claims," even if true, misses the mark. An absence of a "good faith basis" is damning if a Plaintiff *intentionally* includes a claim that is not well-founded, but is unremarkable where the inclusion of a federal claim is authorized by law.

It is also relevant that Plaintiff here promptly amended his Complaint to eliminate his apparently erroneous inclusion of an apparent federal claim in the title of Count VI immediately after he discovered it. And while the original erroneous inclusion of the federal claim is not to be endorsed, Plaintiff's prompt correction illustrates a good faith attempt to remedy the error and prevent this Court from adjudicating a case that does not belong in federal court.

### III.

Accordingly, as Wells Fargo has provided no reason not to remand this case to State court, and there remaining only state law claims over which the Court declines to exercise jurisdiction, the Court will enter an order granting Plaintiff's motion to remand the case to State court, and denying the request of Wells Fargo for an award of fees and costs.

---

9. Wells Fargo further requests in its opposition to Plaintiff's motion to remand that the Court enter an order stating that, "if Plaintiff attempts to amend the Complaint at a later date to include a federal claim, Plaintiff shall bear all further fees and expenses, including attorneys' fees, incurred by Wells Fargo to remove this action back to federal Court."

Although the Court recognizes that the potential for a finding of bad faith may increase if Plaintiff were to seek to add a federal claim after remand, the Court will not prejudge such an issue, especially in light of the reasonable analysis set forth in *Shilling* permitting such an added federal claim after remand and also granting a second remand.